UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINE INGRAM,<br><br>Plaintiff,<br><br>v.<br>PINDER SECURITY SYSTEMS, a.k.a. PINDER ELITE SECURITY, W.S.C. OF N.Y., INC. and ZAKIA PINDER, Jointly and Severally,<br><br>Defendants. | Case No.: ____________________<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Antoine Ingram worked as a security guard for Defendants Pinder Security Systems, Inc. a.k.a. Pinder Elite Security ("Pinder Security") and W.S.C. of N.Y., Inc. ("W.S.C.").

2. Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

3. Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the statutory minimum wage; (ii) failing to pay overtime premium pay; (iii) failing to timely pay wages; (iv) failing to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

7. Plaintiff Ingram was, at all relevant times, an adult individual residing in Staten Island, New York.

8. Defendant Pinder Security is a security company with an office in Monroe, New York. Pinder Security hires security guards who it then places at retail shops and restaurants throughout New York City to provide security services. Pinder Security is, upon information and belief, a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

9. Defendant Pinder Security Solutions is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. It is engaged in commerce or in the production of goods for commerce, because, *inter alia*, employs security guards to protect goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. Such security guards protect restaurants, stores, and

other businesses that move food, beverages, and consumer goods. Defendant Pinder Security also has computers and uniforms that have been produced for and moved in commerce.

10. Upon information and belief, Defendant Pinder Security is a subsidiary of Defendant W.S.C.

11. W.S.C. is a security and protection agency. Upon information and belief, W.S.C. is headquartered in New York, New York. W.S.C. maintains a P.O. box in Englishtown, New Jersey.

12. Defendant Zakia Pinder, upon information and belief, is the owner and operator of Pinder Security and responsible for hiring, scheduling, and terminating employees.

13. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

### Plaintiff's Job Duties and Hours

14. Defendants employed Plaintiff Ingram as a security guard from approximately March 2022 to approximately February 2023, and again from approximately December 2025 to January 2026.

15. At the direction of Defendant Zakia Pinder, Plaintiff was placed at

restaurants and shops in Manhattan, Queens, and Brooklyn, including a Krispy Kreme location in Manhattan, the Mulberry store in Manhattan, and multiple McDonald's locations in Manhattan, Brooklyn and Queens.

16. Defendants classified Plaintiff as a "self-contractor," and did not provide him benefits or overtime pay for hours worked over 40 in a week.

17. Defendant Zakia Pinder set Plaintiff's schedule each week. She typically sent Plaintiff a text message containing a schedule and work location.

18. Defendants required Plaintiff to wear a uniform. The uniform, a shirt and jacket, was provided by Defendant Pinder Security, and had a W.S.C. of N.Y. logo on it.

19. Plaintiff clocked in and out of work by texting a photo of the restaurant or store's timeclock or sign in sheet to Defendant Zakia Pinder, reflecting his start and end time.

20. Plaintiff Ingram worked five days per week, from 8 a.m. to 4 p.m., with a twenty-five to thirty-minute break for lunch.

21. Approximately every other month, when another guard called out, Plaintiff worked from 8 a.m. to 4 p.m. on a sixth day, bringing his hours worked above 40 in a week.

22. As a security guard, Plaintiff's job duties included covering a post by the entrance of the location, performing crowd control, and protecting the facility and people within.

23. Plaintiff spent nearly all of his working time engaged in physical labor.

24. Plaintiff did not supervise other guards.

25. Upon information and belief, Defendants employed at least 100 security

guards in New York City at any one time.

Plaintiff's Hourly Rate

26. From 2022 to 2023 and in 2025, Defendants paid Plaintiff $13 an hour for all hours worked.

27. In 2026, Defendants began paying Plaintiff $14 per hour.

28. Throughout Plaintiff's employment, his hourly rate fell below the New York State minimum wage required for workers in New York City.

29. Plaintiff does not hold a New York State security guard license. Defendants knew this when they hired him to work as a security guard, and until 2026 never required him to hold a license or offered to pay for his training.

30. On information and belief, Defendants paid security guards who held security guard licenses more – $16 per hour – than those who did not.

31. Below is a chart of the mandated minimum wage in New York City since 2022.[1]

| 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|
| $15/hr | $15/hr | $16/hr | $16.50/hr | $17/hr |

32. Upon information and belief, since at least January 2025, all security guards were paid less than the minimum wage required for workers in New York City, regardless of whether they held security guard licenses or not.

33. Defendants paid Plaintiff below the Labor Law's statutory minimum wage.

34. Defendants did not pay Plaintiff overtime premium pay for any hour he

[1] History of the Minimum Wage in New York State, https://dol.ny.gov/history-minimum-wage-new-york-state.

worked above 40 in a week.

35. Plaintiff was paid every other week.

36. From speaking with them and personal observations, Plaintiff knows that other security guards were paid every other week, paid below the minimum wage and were not paid for all hours worked over 40 in a week.

37. Defendants' failure to pay the statutory minimum wage was willful. Defendants knowingly misclassified Plaintiff and other security guards as "self-contractors," despite clear indicia that he was an employee.

38. Moreover, Defendants knowingly disregarded the statutory minimum wage in New York, which applies to workers across industries, including the employees of the restaurants and retail shops where Plaintiff was stationed.

Labor Law Notice Violations

39. Defendants paid Plaintiff and other security guards via CashApp or Zelle.

40. Defendants did not provide Plaintiff or other security guards the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

41. Defendants did not provide Plaintiff or other security guards with a written wage statement with any wage payment.

42. From speaking with them and personal observations, Plaintiff knows that other security guards, like him, were not provided with the § 195.1 Notice and were paid via CashApp or Zelle without any wage statement.

## CLASS ACTION ALLEGATIONS

43. Plaintiff asserts these allegations and claims on his own behalf and on

behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as security guards at any time since March 1, 2022, (the "Class Members") to the entry of judgment in this case (the "Class Period").

44. The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of them is unknown to Plaintiff and Defendants have sole control of the facts necessary to calculate the actual number, Plaintiff estimates, upon information and belief, at least 50 Class Members exist.

45. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

46. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

47. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

48. Plaintiff has the same interest in this matter as all other Class Members and his claims are typical of the Class Members'.

49. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a. whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

b. whether Defendants failed to keep true and accurate time records for all hours Plaintiff and the Class Members worked;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed or refused to pay the Class Members the statutory minimum wage;

e. whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

f. whether Defendants failed to timely pay the Class members as required by N.Y. Lab. Law § 191;

g. whether Defendants failed to provide the Class Members with a wage statement with every wage payment as N.Y. Lab. Law § 195.3 requires;

h. whether Defendants failed to provide the Class Members with the required notice under N.Y. Lab. Law § 195.1;

i. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

j. whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

k. whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

50. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed as security guards at any time since March 1, 2023 to the entry of judgment in this case (the "Collective Period"), who were non-exempt employees under the FLSA (the "Collective Members").

51. Plaintiff and the Collective Members are similarly situated on several legal and factual issues, including:

a. Defendants employed the Collective Members;

b. Collective Members performed similar duties;

c. Defendants failed to keep true and accurate time records for all hours Plaintiff and the Collective Members worked;

d. Defendants willfully or recklessly violated the FLSA;

e. Defendants failed to pay the Collective Members overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

f. Defendants should be enjoined from violating the FLSA in the future; and

g. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE LABOR LAW
## (On Behalf of Plaintiff and the Class Members)

52. Plaintiff realleges every preceding allegation as if set forth fully herein.

53. Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5),

652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

54. Defendants failed to pay Plaintiff and the Class Members the statutory minimum wage, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

55. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the statutory minimum wage.

56. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Members)

57. Plaintiff realleges every preceding allegation as if set forth fully herein.

58. Plaintiff's consent in writing to be a party to this action under 29 U.S.C. §216(b), is attached to this Complaint and incorporated by reference.

59. Defendants employed Plaintiff and continue to employ Collective Members under the FLSA.

60. Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61. Defendants were required to pay Plaintiff and the Collective Members no

less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Collective Members the proper overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

63. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Members' compensation.

65. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

66. Due to Defendants' FLSA violations, Plaintiff and the Collective Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE NEW YORK LABOR LAW
## (On Behalf of Plaintiff and the Class Members)

67. Plaintiff realleges every preceding allegation as if set forth fully herein.

68. Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

69. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

70. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law § 650 *et seq.*

71. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

72. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY TIMELY WAGES UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

73. Plaintiff realleges every preceding allegation as if set forth fully herein.

74. Plaintiff and the Class Members are "manual workers" within the meaning of Labor Law § 190(4).

75. As manual workers, Defendants were required to pay Plaintiff and the Class Members "not later than seven days after the end of the week in which the wages are earned." Labor Law § 191(1)(a)(i).

76. Defendants paid Plaintiff and the Class Members every 14 days.

77. Accordingly, Defendants failed to pay Plaintiff and the Class Members for

the first seven days they worked during each period within seven days at the end of that week, violating Labor Law § 191(1)(a)(i).

78. For violating Labor Law § 191(1)(a)(i), Defendants are liable to Plaintiff and the Class Members for interest and attorneys' fees and expenses. Labor Law § 198(1-a).

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
## (On Behalf of Plaintiff and the Class Members)

79. Plaintiff realleges every preceding allegation as if set forth fully herein.

80. Defendants have willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgment of Payrate and Payday under N.Y. LAB. LAW § 195.1(a) within 10 business days of their first employment date.

81. Due to Defendants' violations of N.Y. LAB. LAW § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-b.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW
## (On Behalf of Plaintiff and the Class Members)

82. Plaintiff realleges every preceding allegation as if set forth fully herein.

83. Defendants did not provide Plaintiff and the Class Members with a written wage statement specifying, *inter alia*, their hours worked, compensation rate, and any allowances, violating N.Y. LAB. LAW § 195.3.

84. Due to Defendants' violations of N.Y. LAB. LAW § 195.3, Plaintiff and the

Class Members are entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and on behalf of the Class and Collective Members, respectfully request this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein violate the FLSA and the Labor Law;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid minimum wage under the Labor Law;

f. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

g. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

h. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

i. An award of liquidated damages as a result of Defendants' Labor Law violations;

j. An award of liquidated damages as a result of Defendants' willful FLSA violations;

k. Equitably tolling the statute of limitations under the FLSA;

l. An award of pre-judgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
April 2, 2026

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Rebecca L. Pattiz
420 Lexington Avenue, Suite 1830
New York, New York 10017-6705

212.392.4772
doug@lipskylowe.com
rebecca@lipskylowe.com